THOMAS, Respondent, vs. KIND and others, Appellants.

*October 12—November 10, 1936.*

646

For the appellants there was a brief by *T. A. Waller* of Ellsworth and *White & White* of River Falls, and oral argument by *Ferris M. White*.

*W. G. Haddow* of Ellsworth, for the respondent.

NELSON, J.   Ch. 13, Laws of Sp. Sess. 1933–34, was approved February 2, 1934, and published February 3, 1934. On April 20, 1934, the town board of the town of Trenton, Pierce county, adopted a by-law, denominated "An ordinance licensing and regulating the sale of intoxicating liquors and providing penalties for the violation thereof."   Section 1 of said by-law adopted the "definitions, terms, provisions, and regulations relative to the sale or disposition of intoxicating liquor as provided for by chapter 176 of the special session, Laws of 1933–34 . . . in so far as said chapter is applicable to the town of Trenton." Section 2 provided that "the annual fee for off sale license [Class A] shall be $50 and the on sale [Class B] shall be $100;" that the amount of surety bond for "on sale shall be $1,000 or $500 cash bond," and that the "off sale shall be surety bond $1,000 or $200 cash bond." The record of the meeting of April 20, 1934, so far as here material, is as follows:

"Full board met at clerk's office to draw up Liquor Ordinance and set price of license on sale license for liquor was

set at $100 off Sale $50 and an amendment to Ordinance No. 1 on malt beverages was set at $75 instead of $50."

The town clerk's record just recited was supplemented by testimony of the town clerk to the effect that the ordinance was drawn up and considered by the town board.

"When we got through they said they thought it was good enough and told me to publish it. . . . They all three agreed on it. It was unanimous."

The ordinance was thereafter published in the Pierce County Herald, but was never posted by the town clerk in three of the most public places in the town, pursuant to the provisions of secs. 60.29 (9) and 60.18 (4) and 60.45 (6). On September 6, 1934, the plaintiff applied to the town clerk for a license to sell intoxicating liquors. He obviously intended to apply for a "Class B" license but inadvertently applied for a "Class A" license. Sec. 176.05 (2). Notice of such application was duly published pursuant to the provisions of sec. 176.09 (1). On September 21, 1934, the plaintiff paid the license fee and delivered to the town clerk a five-hundred-dollar United States treasury bond in lieu of a cash bond, pursuant to the provisions of sec. 176.10, which bond or security was approved by the town board as a security within the provisions of sec. 66.04 (7). No writing, signed by the plaintiff as applicant, reciting that the plaintiff had applied for a license to sell intoxicating liquors, and that the plaintiff had deposited the security mentioned in lieu of a cash bond, and conditioned as provided by sec. 176.10, was delivered to the town clerk. A "Class B" license was issued to the plaintiff, who thereafter engaged in the business of selling, dealing, and trafficking in intoxicating liquors to be consumed on the premises by the glass only. On January 8, 1935, the plaintiff was convicted upon his plea of guilty of having sold liquor to a minor contrary to the provisions of sec. 176.30. Thereafter, on March 8, 1935, the town board revoked the plaintiff's license because of said violation. On

April 4th, following, this action was commenced by the plaintiff to recover the possession of his security.

At all of the times herein mentioned, sec. 176.05 provided, so far as here material, as follows:

"*Liquor licenses.* (1) *Authority to grant licenses.* Each town board, village board, and common council may grant retail licenses, under the conditions and restrictions in this chapter contained, to such persons entitled to a license under this chapter as they deem proper to keep places within their respective towns, villages, or cities for the sale of intoxicating liquors."

Sec. 176.43, so far as here material, provided:

"*Municipal regulations.* Any city, village, or town may by ordinance prescribe additional regulations in or upon the sale of intoxicating liquor, not in conflict with the provisions of this chapter. Such ordinance may prescribe different penalties than those provided in this chapter, but no ordinance shall provide a greater penalty than the maximum allowed by law."

Sec. 176.10, provided as follows:

"*Bond.* (1) Every applicant for license under section 176.05, shall, before delivery of the license, file with such town, village, or city clerk a bond to the state in the sum of one thousand dollars, executed by a surety company licensed to do business in the state of Wisconsin, or by a cash bond in an amount to be determined by the licensing authorities but not less than two hundred dollars, or in lieu of either of such bonds any security named in subsection (7) of section 66.04, all to be approved by the authorities granting the license, conditioned that the applicant, during the continuance of his license, will not violate any provision of this chapter, will keep and maintain an orderly and well-regulated house; that he will not sell or give away any intoxicating liquor to any minor, having good reason to believe him to be such, or to persons intoxicated or bordering upon intoxication or to habitual drunkards; and that he will pay all damages that may be recovered by any person pursuant to section 176.35, and that he will observe and obey all orders

of such supervisors, trustees, or aldermen, or any of them, made pursuant to law. In lieu of said surety bond required by this section, the applicant may furnish a personal bond with at least two sureties, to be approved by the authorities granting the license, who shall each justify in double its amount over and above their debts and liabilities and exemptions, and be freeholders and residents of the county, but no person shall act as surety on more than one bond.

"(3) In case of the breach of the condition of any such bond an action may be brought thereon in the name of the state of Wisconsin, and judgment shall be entered against the principals and sureties therein named for the full penalty thereof; and execution may issue thereupon by order of the court therefor to satisfy any judgment that may have been recovered against the principal named in said bond by reason of any breach in the conditions thereof or for any penalties or forfeitures incurred under this chapter.

"(4) If more than one judgment shall have been recovered the court, in its discretion, may apply the proceeds of said bond toward the satisfaction of said several judgments in whole or in part in such manner as it may see fit."

The trial court apparently assumed that the town board had no authority to grant a liquor license to sell, deal, and traffic in intoxicating liquors without first having adopted a valid ordinance, and therefore concluded, since the ordinance hereinbefore mentioned was not published by posting copies thereof in three of the most public places in the town of Trenton, that it never became effective, that the town board was without authority to grant a license to the plaintiff, and that the license issued to him was absolutely void. In our view such holding was erroneous. Sec. 176.05, hereinbefore quoted, specifically authorized town boards to grant retail licenses under the conditions and restrictions contained in ch. 13, Laws of Sp. Sess. 1933–34, to such persons entitled to a license under said chapter as they deemed proper to keep places within their respective towns. There is nothing in said chapter which requires a town board, as a condi-

tion precedent to the granting of liquor licenses, to adopt a by-law or ordinance. It is clear that the legislature expressly authorized town boards to grant liquor licenses. The language of sec. 176.43 in no way militates against this conclusion nor does the language of ch. 46, Laws of 1935 (now sec. 176.05 (2), Stats.), approved April 27, 1935, and published April 30, 1935, some time after this action was commenced, justify the trial court's conclusion. Sec. 176.05 (2) (b) obviously was intended to apply only to Milwaukee county, the only county of this state containing a city of the first class, and to all towns, cities, and villages that by ordinance of their governing bodies elect to come under its provisions. That section permits a holder of a "Class B" license in Milwaukee county and in such towns, cities, and villages as elect, pursuant to said section to come under the provisions of said paragraph, to sell, deal, and traffic in intoxicating liquors to be consumed on the premises so licensed and *in the original package or container in quantities of not more than one quart at any one time and to be consumed off the premises so licensed.* That section obviously has no bearing upon the present controversy. Nor, in our view, was it necessary for the town board, preliminary to the granting of a liquor license, to adopt and publish a by-law or ordinance providing the amount of the cash bond or the amount of the security to be furnished. Sec. 176.10 makes mandatory the amount of the surety or personal bond required to be furnished by an applicant, but permits the licensing authorities *to determine* the amount of a cash bond or the amount of the security furnished in lieu of cash. The law does not require that the licensing authorities (town board) pass a by-law or ordinance. All that is required is that the amount of the cash bond required to be furnished be determined by the licensing authorities. Nor does sec. 176.05 (4), require the passage of an ordinance or by-law specifying the sum to be

paid for a license. That section provides that the sum to be paid for licenses shall be in such amounts within certain limits as the governing body of the town, city, or village issuing the same *may determine*. The purported ordinance, though improperly published and not valid as an ordinance, constituted a compliance with the requirements of secs. 176.05 (4) and 176.10 (1), that the sum to be paid for a license and the amount of the cash bond, or security in lieu thereof, shall be determined by the governing body or the licensing authorities.

Since, in our view, the town board issued to the plaintiff a valid license, the next question to be determined is whether, under the circumstances of this case, he may recover the possession of the security delivered to the town clerk in lieu of a cash bond. Although no formal writing, signed by the petitioner, accompanied the delivery of the security delivered to the town clerk, we are of the opinion that it was understood and agreed between the plaintiff and the town board at the time he obtained his license that all of the conditions contained in sec. 176.10 (1) should be and were imported into the transaction, and that the plaintiff may not now say, in view of all of the circumstances, that the statutory conditions set forth in sec. 176.10 (1) were not effectively imported into the licensing transaction. Since no sureties are involved, the transaction must be viewed as though the plaintiff had given a writing in connection with the delivery of the security to the town clerk embodying those statutory conditions which the legislature has declared must be contained in every bond to be given as a condition precedent to the granting of a liquor license.

Since it appears without dispute that the plaintiff, during the term of his license, sold liquor to a minor and was upon his plea of guilty duly convicted of said offense, may he recover the security deposited in lieu of a cash bond? In

other words, is the plaintiff entitled to the possession of the bond as against the town? In our view, these questions must be answered in the negative. The conditions which must be incorporated into all bonds pursuant to the provisions of sec. 176.10, are, in all material respects, identical with those which existed prior to the enactment of the Eighteenth amendment to the constitution of the United States, and which were considerately construed in *State v. Helmann,* 163 Wis. 639, 158 N. W. 286. It must be presumed, in the absence of anything showing a contrary intention, that when the legislature, in 1934, incorporated into sec. 176.10 language which theretofore had been construed by this court in *State v. Helmann, supra,* it intended that it should mean what this court had construed it to mean. In *State v. Helmann, supra,* which was an action brought by the state of Wisconsin to recover the full amount of the penalty of a liquor bond given pursuant to the provisions of sec. 1549, Stats. 1915, it was held that the full penalty of the bond was recoverable by the state, notwithstanding the facts that no judgment for damages had been recovered by anyone against the principal by reason of the breach of the conditions of the bond, and no penalties or forfeiture had been incurred under the chapter, of which sec. 1549 was a part. The court, speaking through Mr. Justice MARSHALL, said:

"We reach the conclusion that the legislative purpose was as expressly stated, that judgment in a case of this sort, where a breach is found, shall go for 'the full penalty thereof;' that being treated as liquidated damages; but that the court may apply the proceeds, primarily, to the satisfaction of existing judgment indebtedness. This, we think, is not only the plain meaning of the bond, but is supported by authorities in general."

It must consequently be held here that, since the plaintiff violated the conditions prescribed by sec. 176.10, which were

imported into the license transaction here dealt with, and since the time within which the state may bring an action to recover the full penalty of $500 has not expired, the plaintiff has not shown himself entitled to the possession of the security, deposited by him with the town, in lieu of a cash bond.

In our view, sec. 176.10 (2a), which did not become a law until August 22, 1935, when it was published, does not control this controversy. That subsection provides:

"(2a) The governing body of any town, city or village may by ordinance authorize the return, not less than sixty days following the expiration of the license, of the cash bond or security deposited in lieu of bond, provided the licensee files an affidavit with, and the chief of police, marshal or constable of the municipality certifies to, the clerk of the municipality that such licensee has not violated any of the conditions of his bond."

*By the Court.*—Judgment reversed, with directions to dismiss the complaint.